UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAMUEL CALLOWAY,

                              Plaintiff,

                                                          9:09-CV-1354

                          v.                            (TJM/GHL)

SGT. CHARLES GRIMSHAW, *a/k/a* Grinnhan,

                              Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

SAMUEL CALLOWAY, 04-A-3281
Plaintiff, *pro se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN                     BRIAN J. O'DONNELL, ESQ.
Attorney General for the State of New York       C. HARRIS DAGUE, ESQ.
Counsel for Defendant
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Generally, Plaintiff Samuel Calloway alleges that Defendant Sergeant Charles Grimshaw administered excessive force against Plaintiff and denied him medical assistance. Dkt. No. 1.

      Currently pending before the Court is Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. No. 30. After the motion was filed, Plaintiff submitted a one-page letter, which will be described below. Dkt. No. 31.

**I.     BACKGROUND**

    **A.     Summary of the Amended Complaint**[1]

Plaintiff alleges the following: On July 4, 2008, at Clinton Correctional Facility, he experienced a "psychotic episode" after he was denied his medication. Dkt. No. 18 at ¶ 6. Defendant Grimshaw and three unknown correctional officers came to Plaintiff's cell. *Id.* at ¶ 7. Two officers pinned Plaintiff's arms to his side while Defendant Grimshaw punched him in the face and head and "rammed" Plaintiff's head into iron bars two or three times. *Id.* at ¶¶ 7-8. Plaintiff then was beaten by other unknown officers before he was taken to a holding cell in the Mental Health Satellite Unit. *Id.* at ¶ 7. He received medical attention. *Id.* He sustained, *inter alia*, a wound above his right eye, bruises, and scrapes. *Id.* He alleges that Defendant Grimshaw utilized excessive force, committed assault and battery, subjected Plaintiff to intentional infliction of emotional distress, and denied immediate emergency aid to Plaintiff. *Id.* at ¶¶ 8-13.

    **B.     Summary of Grounds in Support of Defendant Grimshaw's Motion**

Defendant argues that summary judgment should be granted because Plaintiff failed to exhaust administrative remedies prior to commencing this action. Dkt. No. 30. Defendant asserts that (1) Plaintiff did not avail himself of available administrative remedies; (2) Defendant should not be estopped from raising the exhaustion defense; and (3) no special circumstances were alleged that would excuse Plaintiff's non-compliance with the exhaustion requirement. *Id.*

    **C.     Summary of Plaintiff's Letter**

The only submission filed by Plaintiff following the filing of the motion was a one-page letter. Dkt. No. 31. In the letter, Plaintiff states, *inter alia*, that he is trying to find an attorney, that

---

[1] The Court granted Plaintiff leave to amend his complaint. Dkt. No. 17.

Defendant is a malicious man, that Defendant never "reached out" to the nurse who treated Plaintiff on the night of the incident, and that somehow the nurse is being "set-up." *Id.* Plaintiff made no reference to the pending motion. *See id.*

## II.     LEGAL STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. Only after the moving party has met this burden is the nonmoving party required to produce evidence demonstrating that genuine issues of material fact exist. *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006).

The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). Rather, a dispute regarding a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material[2] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino*, 542 F.3d 290, 309 (2d Cir. 2008).

---

[2]     A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson*, 477 U.S. at 248.

3

When a plaintiff fails to respond to a defendant's motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the defendants. *See Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 232 (N.D.N.Y. 2001); N.D.N.Y. L.R. 7.1(b)(3).

Where a plaintiff has failed to properly respond to a defendant's Statement of Material Facts (its "Rule 7.1 Statement"), the facts as set forth in that Rule 7.1 Statement will be accepted as true to the extent that (1) those facts are supported by the evidence in the record, and (2) the non-moving party, if he is proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment. *See* N.D.N.Y. L.R. 7.1(a)(3); *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004); *Champion*, 76 F.3d at 486.

Similarly, where a plaintiff has failed to respond to a defendant's properly filed and facially meritorious memorandum of law, the plaintiff is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court.  Implied in this standard is the fact that, where a non-movant fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute, even if that non-movant is proceeding *pro se*. *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).  This is because even *pro se* plaintiffs must

4

obey the Court's procedural rules.[3]  For example, this Court has consistently enforced Local Rule 7.1(a)(3) (and its predecessor, Local Rule 7.1[f]), by deeming facts set forth in a moving party's statement to have been admitted where the opposing party has failed to properly respond to that statement–even where the opposing party was proceeding *pro se* in a civil rights case.[4]  Here, however, in an abundance of caution, I have independently reviewed the entire record.

### III. ANALYSIS

#### A. Exhaustion Requirement

Under the Prison Litigation Reform Act, ("PLRA"), inmates must exhaust all available administrative remedies before bringing a federal action. 42 U.S.C. § 1997e(a).  Exhaustion is a requirement that applies to all actions about prison life, whether they involve general circumstances or particular episodes and regardless of the claim's subject matter.  *See, e.g., Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004).

In *Jones v. Bock*, the Supreme Court held that in order to properly exhaust administrative

---

[3] *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted].

[4] *See, e.g., DeMar v. Car-Freshner Corp.*, 49 F. Supp. 2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.) (*pro se* civil rights case); *Costello v. Norton*, No. 96-CV-1634, 1998 WL 743710, at *1, n.1 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.) (*pro se* civil rights case); *Squair v. O'Brien & Gere Eng'rs, Inc.*, No. 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.) (*pro se* civil rights case); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts' discretion to adopt local rules like 7.1[a][3], in *pro se* civil rights case).

remedies, an inmate must complete the administrative review process in accordance with the applicable state rules.  549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)).  In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules as a prerequisite to bringing a suit in federal court. 548 U.S. at 90–103.

The Department of Correctional Services ("DOCS") maintains a three-tiered administrative review and appeals system for prisoner grievances.  *See* 7 N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") § 701.5.  Prior to pursuing a § 1983 action in federal court, a prisoner in the DOCS system must exhaust all three levels.  *See Porter*, 534 U.S. at 524.  First, an inmate may file an inmate grievance complaint form or a written grievance, if forms are not available, with the Inmate Grievance Resolution Committee ("IGRC").  *See* 7 N.Y.C.R.R. § 701.5(a).  Second, if the inmate is dissatisfied with the IGRC decision, he may appeal to the prison superintendent.  *See id.* § 701.5(c). Finally, DOCS permits an inmate to appeal the superintendent's written decision to the Central Office Review Committee ("CORC").  *See id.* § 701.5(d).

The Second Circuit has held that a three-part inquiry is appropriate where a prisoner has failed to exhaust his available administrative remedies, as required by the PLRA.  First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner."  *Hemphill*, 380 F.3d at 686 (citation omitted).  Second, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or

6

more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id.* (citations omitted). Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements." *Id.* (citations and internal quotations omitted); *see also Messa v. Goord*, No. 10-1019-pr, --- F.3d ---- , 2011 WL 3086827, *2 (2d Cir. July 25, 2011) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

Here, in the amended complaint, Plaintiff indicated that he submitted a grievance. Dkt. No. 18 at ¶ 4(b). However, when asked to state the "final result" of that grievance, he stated that he was "surrounded by several Correctional Officer[s] and an [u]nknown [s]ergeant in D Block in the transitional Inmate Care Program" and was told that if he "didn't sign off on the grievance, they would set [him] up by placing a weapon in [his] cell and [] they could make it hard for [him] if [he] was transferred." *Id.*

**Regarding the first inquiry set forth in *Hemphill***, I note that an administrative remedy was available to Plaintiff. Plaintiff expressly states that there was a prisoner grievance procedure at Clinton Correctional Facility. Dkt. No. 18 at ¶ 4. Thus, an administrative remedy was available to Plaintiff.

**Regarding the second inquiry set forth in *Hemphill***, the court is required to determine if Defendant may have forfeited the affirmative defense by failing to raise or preserve it or if Defendant took some affirmative action to prevent Plaintiff from using the grievance procedure, such as beating, denying grievance forms and writing implements, or threatening retaliation. *Cisson v. Middaugh*, No. 9:09-CV-260, 2011 WL 2579800, at *3 (N.D.N.Y. Feb. 2, 2011) (citing *Ruggiero*

*v. County of Orange*, 467 F.3d 170, 178 (2d Cir. 2004) (citations omitted)), *accepted*, 2011 WL 2559568 (N.D.N.Y. June 27, 2011) (Scullin, J.).

First, Defendant did not forfeit the administrative defense of non-exhaustion by failing to raise or preserve it. Defendant's Answer timely asserted this affirmative defense. Dkt. No. 16 at ¶ 11.

Second, regarding Plaintiff's vague assertion that several correctional officers and an unknown sergeant threatened him to "sign off" on his grievance, Plaintiff provides only the most conclusory allegation on this topic. He provides no information as to the identity of these non-defendants and when the alleged interaction took place.

"Notwithstanding the deference to which a *pro se* litigant is entitled, as well as the deference accorded to a non-movant on a summary judgment motion, [Plaintiff] must produce specific facts to rebut the movant's showing and to establish that there are material issues of fact requiring a trial." *See Bennett v. James*, No. 08 Civ. 9979, 737 F. Supp. 2d 219, 226 (S.D.N.Y. Sept. 16, 2010) (quotation marks omitted) (citing *Almanzar v. Newland*, No. 08 Civ. 8612, 2010 WL 1379739, at *6 (S.D.N.Y. Mar. 26, 2010) (citation and internal quotations omitted) (finding plaintiff's "vague allegations" insufficient to demonstrate his efforts to exhaust); *Winston v. Woodward*, No. 05 Civ. 3385, 2008 WL 2263191, at *9 (S.D.N.Y. May 30, 2008) (allegations of threats and harassment that "stand alone and unsupported" insufficient to defeat summary judgment on question of exhaustion) (quoting *Veloz*, 339 F. Supp.2d at 516); *Veloz*, 339 F. Supp. 2d at 516 (dismissing suit for failure to exhaust where plaintiff "offers no evidence that any particular officer thwarted his attempts to file")).

Here, Plaintiff does not provide the Court with *any* evidence to support a finding that

*Defendant* acted to interfere with his ability to exhaust. *See Bennett*, 737 F. Supp. 2d at 226 (citing *Bennett v. Bailey*, No. 07 Civ. 7002, 2010 WL 1459192, at *5 (S.D.N.Y. Apr. 9, 2010) (plaintiff's contention that "unidentified medical officials told him that pursuing a grievance would be 'a waste of time' . . . falls far short of conduct amounting to the denial [of] administrative remedies to a prisoner" (citation omitted)); *Murray v. Palmer*, No. 9:03-CV-1010, 2010 WL 1235591, at *5 (N.D.N.Y. Mar. 31, 2010) (Suddaby, J.) (finding that Plaintiff "failed to offer any credible evidence . . . that *Defendants* in any way interfered with Plaintiff's ability to file grievances during the time in question") (emphasis in original) (citing cases) (emphasis in original)).[5]

Moreover, as pointed out by Defendant, Plaintiff made no mention of being surrounded and threatened during his deposition. Dkt. No. 30-10 at 8-9 (citing Dep. Tr. (Dkt. No. 30-8 at 43-54)).

---

[5] (citing *inter alia, Ruggiero v. County of Orange*, 467 F.3d 170, 178 (2d Cir. 2006) (holding that defendants were not estopped from asserting the affirmative defense of non-exhaustion where the conduct plaintiff alleged kept him from filing a grievance-that he was not given the manual on how to grieve-was not attributable to the defendants and plaintiff "point[ed] to no affirmative act by prison officials that would have prevented him from pursuing administrative remedies"); *Murray v. Palmer*, 03-CV-1010, 2008 WL 2522324, at *19 (N.D.N.Y. June 20, 2008) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.) ("I have found no evidence sufficient to create a genuine issue of triable fact on the issue of whether Defendants, *through their own actions*, have inhibited Plaintiff['s] exhaustion of remedies so as to estop one or more Defendants from raising Plaintiff's failure to exhaust as a defense.") (emphasis in original); *Shaheen v. McIntyre*, 05-CV-0173, 2007 WL 3274835, at *16 (N.D.N.Y. Nov. 5, 2007) (McAvoy, J. adopting Report-Recommendation of Lowe, M.J.) (finding defendants not estopped from raising Plaintiff's non-exhaustion as a defense based on plaintiff's allegation "that [he] was inhibited (through non-responsiveness) by [ ] unnamed officials at Coxsackie C.F.'s Inmate Grievance Program (or perhaps the Grievance Review Committee), and Coxsackie C.F. Deputy Superintendent of Security Graham" because plaintiff's complaint and "opposition papers ... fail to contain any evidence placing blame on Defendants for the (alleged) failure to address his grievances and complaint letters"); *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *16 (N.D.N.Y. Apr. 24, 2006) (Hurd, J. adopting Report-Recommendation of Lowe, M.J.) (finding that defendants are not estopped from relying on the defense of non-exhaustion because "no evidence (or even an argument) exists that any *Defendant ...* inhibit[ed] Plaintiff's exhaustion of remedies; Plaintiff merely argues that a non-party to this action (the IGRC Supervisor) advised him that his allegedly defective bunk bed was not a grievable matter.") (emphasis in original)).

Instead, Plaintiff stated that he filed a grievance related to the incident but never received a response.[6] *Id.* at 8-9 (citing Dep. Tr. (Dkt. No. 30-8 at 43-54)). Accordingly, I find that Defendant should not be estopped from asserting this defense.

**Regarding the third inquiry set forth in *Hemphill***, when a prisoner plausibly alleges special circumstances that caused the prisoner's failure to comply with the grievance procedures, the court may waive the exhaustion requirement. *See*, *e.g.*, *Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006). "The special circumstances inquiry 'must be determined by looking at the circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way.'" *Jones v. Fischer*, No. 07 Civ. 7589, 2008 WL 3174510, at *4 (S.D.N.Y. 2008) (quoting *Giano v. Goord*, 380 F.3d 670, 678 (2d Cir. 2004). "Findings of special circumstances have been primarily established where plaintiffs acted pursuant to reasonable interpretations of the regulations, thus preventing exhaustion." *Winston*, 2008 WL 2263191, at *10.

Here, Plaintiff has alleged no special circumstances that caused his failure to comply with the grievance procedures. "Indeed, 'absent an allegation by the inmate that his failure to exhaust was based on a reasonable, but erroneous interpretation of prison regulations, the special circumstances exception is generally inapplicable.'" *Almanzar*, 2010 WL 1379739, at *6 (quoting *McDowall v. Metropolitan Corr. Ctr.*, No. 08-Civ-8329, 2010 WL 64877, at *7 n.4 (S.D.N.Y. Feb. 22, 2010).

---

[6] Once it became clear to Plaintiff that a response to his initial filing was not forthcoming, he was required to appeal his claim to the next level. *See Martinez v. Williams*, 186 F. Supp. 2d 353, 357 (S.D.N.Y. 2002) (inmate who allegedly received no response to grievance "could have and should have appealed grievance in accordance with grievance procedure") (citing 7 N.Y. Comp. Codes R. & Regs. § 701.8).

10

Lastly, I note that Plaintiff stated in his amended complaint that he was suffering from a psychotic episode. However, Plaintiff does not allege that any mental condition constituted a special circumstance that prevented him from exhausting his administrative remedies. Even if Plaintiff made such an argument, "the special circumstances exception under *Hemphill* concerned an inmate's justifiable confusion regarding the proper DOCS procedure for filing an expedited grievance, not an inmate's mental or emotional condition." *Newman v. Duncan*, No. 04-CV-395, 2007 WL 2847304, at *4 (N.D.N.Y. Sept. 26, 2007) (citing *Hemphill*, 380 F.3d at 689-91). Thus, even if Plaintiff alleged that he suffered from a mental condition that constituted a special circumstance, such an argument would fail. *See Newman*, 2007 WL 2847304, at *4 (failure to exhaust remedies due to claimed but undocumented mental illness is not a special circumstance).

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion for summary judgment (Dkt. No. 30) be **GRANTED**; and it is further

**ORDERED**, that the Clerk serve copies of the electronically-available-only decisions cited herein on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: August 10, 2011
      Syracuse, New York

George H. Lowe
United States Magistrate Judge